# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**SHANNON R. HAMILTON**                                                          **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.  3:19CV314 HTW-LRA**

**SOUTHEAST REGIONAL
DIRECTOR, A.J. KELLER,
et. al.**                                                                    **DEFENDANTS**


## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Shannon Hamilton files the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Federal Bureau of Prison ("BOP") employees and the United States of America.   He alleges Eighth Amendment and Federal Torts Claims Act[1] violations during his previous confinement at the Federal Correctional Complex ("FCC-Yazoo") in Yazoo City, Mississippi. Defendants A. J. Keller, C. Rivers, Unknown Wertman, and L. Brown assert that Hamilton failed to exhaust administrative remedies that were available to him through the Bureau of Prison's mandatory four-step process set forth in 28 C.F.R. § § 542.10-542.19 before filing his Complaint.  They request an order of dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. [ECF No. 21].

---

[1] This claim is addressed by a separate opinion.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program. Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies. *Id.* Substantial compliance is insufficient. *Id.* However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

28 C.F.R. § 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful,

the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days of the Regional Director's response. Upon completing this multiple-tiered review process, a federal inmate has exhausted his administrative remedies.

The "failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because Defendants rely on matters outside the pleadings, the motion to dismiss should be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *Id.* at 708. The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

Thus, to prevail, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their

3

favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).  The undersigned has reviewed the record and the parties' submissions and finds the unrebutted summary judgment evidence establishes Hamilton's failure to exhaust his claims in the instant action.

In support of their summary judgment motion, Defendants submit the Affidavit of Lisa Singleton, a Deputy Case Management Coordinator at FCC Yazoo responsible for processing the administrative remedy requests filed by inmates. As a case manager, Singleton has access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. (ARP).[2]

Hamilton alleges that he was subjected to hazardous health conditions, including black mold, while housed in the Special Housing Unit (SHU) of FCC-Yazoo in violation of his Eighth Amendment rights from August 1, 2018, through September 20, 2018.  Yet, the administrative remedy records related to this claim, referenced in both Singleton's affidavit and attached as exhibits in support, indicate that he failed to perfect the appeal to the Central Office—the final step in the administrative process.

The law is clear.  An inmate must complete all steps in the administrative process, including complying with administrative deadlines and other procedural rules before exhaustion is proper.  *Woodford v. Ngo,* 548 U.S. 81, 89–92 (2006).  If an inmate has filed "an untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Wright*, 260 F.3d at

---

[22] ECF No. 21-1.

4

358.  It is not enough to merely initiate the grievance process.  Hamilton must pursue the

"grievance remedy to conclusion."  *Hollingsworth*, 260 F.3d at 358.

      Hamilton does not deny his failure to exhaust.  Rather, he maintains that

Defendants are not entitled to summary judgment because Singleton's averments

concerning the exhaustion of his black mold allegations are misleading.  He notes that

coding on the administrative remedy complaint concerning the black mold allegations

indicates that it was received at FCC-Yazoo on December 11, 2018—well after he was

transferred to FTC-Oklahoma.  Because he could not have been "at 2 institutions at one

time," Hamilton questions the veracity of Singleton's affidavit.  However, Defendants

note that the SENTRY system simply assigns codes to indicate the facility which gave

rise to the administrative claim; the facility where the inmate is currently housed; and, the

date it was received by the Administrative Remedy Clerk — none of which is relevant to

the issue of exhaustion here.[3]  To the extent Hamilton claims that he appealed the

rejection of his mold complaint but never received a response, no further entries

concerning this complaint (APR 968937) is reflected in the record. [4]

       Further, to the extent Hamilton contends that his transfer to a new facility was an

impediment to his exhaustion, the mere transfer to a new facility does not excuse the

failure to exhaust.  Nothing of record indicates "that there were any problems at the new

facility that prevented him from filing grievances ***regarding the incident[s]*** [at FCC-

---

[3] Though not included in the record, Defendants note the Bureau's Administrative Remedy
Technical Reference Manual explains the identifiers.

[4] ECF No. 27, pp. 1-2.

Yazoo]. . . ." *Lindsey v. Striedel*, 486 F.App'x. 449, 452 (5th Cir. 2012) (emphasis added).[5]

In addition to his allegations concerning health hazardous conditions at FCC-Yazoo, Hamilton contends that Yazoo BOP officials used harassment and other retaliatory tactics to render the administrative remedies process unavailable to him after he complained about the conditions of his confinement. He claims that his grievance forms were "discarded . . . forgotten about and even misplaced" by staff, and that Defendants Rivers, Wertman, and Brown specifically destroyed and confiscated his personal property in retaliation. However, the administrative records reflect that of the remedy submissions filed by Hamilton alleging retaliation and harassment, only one was filed at the Bureau's General Counsel level, (ARR 963305) and it "was ultimately rejected on procedural grounds." Specifically, Hamilton was instructed to do as follows: "START PROPERTY APPEAL AT INSTITUTION FIRST. SEND SEPARATE APPEAL REGARDING SENSITIVE STAFF MISCONDUCT MATTER TO REGION ALONG WITH WHO[,] WHAT[,] WHEN & WHERE."[6]

Hamilton's retaliation argument is also unavailing. There are three instances in which an administrative procedure may be considered unavailable for purposes of exhaustion: "[A]n administrative remedy may be unavailable where (1) prison officials

---

[5] Indeed, Hamilton asserts that he filed a grievance form after his transfer to another facility "requesting that there be a comprehensive investigation pursuant to P.S. 1210.21 Office of Internal Affairs in regards to holding back my property in retaliation for my grievances'(s)." ECF No. 34.

[6] ECF Nos. 21-2, p. 7, 27, pp. 1-2.

are unable or consistently unwilling to provide any relief to aggrieved inmates, (2) the administrative scheme is so opaque that it becomes, practically speaking, incapable of use by an ordinary prisoner, or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Hinton*, 742 F. App'x at 15 (quoting *Blake*, at 1859-60) (internal quotation marks omitted). Hamilton has not demonstrated that any of these examples are present here. *Martin*, 742 F. App'x at 15. Rather, his claims that administrative remedies were unavailable to him are vague and unsubstantiated.

Lastly, though he did not seek the Court's permission to do so, the undersigned acknowledges that Hamilton has argued in sur-rebuttal that BOP officials generally failed to respond to his administrative grievances. Hamilton is advised that a party must first seek and receive permission from the Court before filing a sur-rebuttal. L.U. Civ. R. 7. Even if the Court were to consider this argument, Hamilton cannot overcome summary judgment for the reasons stated. The Bureau's administrative remedies policy expressly provides: "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 524.18. Hamilton was required to proceed to the next step if he failed to receive a response at any level concerning his allegations of retaliation. *Nelson v. Natal*, No. 3:17CV CWR-LRA, 2019 WL 1304259, at *3 (S.D. Miss., Jul. 22, 2019).

In sum, neither the lack of response nor his transfers exempted Hamilton from the requirement to exhaust. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong.  *Porter v. Nussle*, 122 S. Ct. 983, 984 (2002).  Hamilton has failed to meet his burden in demonstrating the unavailability of administrative review.

For these reasons, it is the recommendation of the undersigned that BOP Defendants' Motion for Summary Judgment be granted for failure to exhaust administrative remedies and that all other pending motions be denied as moot or dismissed.  Because the undersigned so recommends, the arguments raised by Defendants in the alternative need not be addressed.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

8

Respectfully submitted on June 9, 2020.


                                     s/ Linda R. Anderson
                             UNITED STATES MAGISTRATE JUDGE