# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SHANNON HAMILTON**                                              **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 3:19CV314 HTW LRA**

**SOUTHEAST REGIONAL**
**DIRECTOR, A.J. KELLER,**
**et. al.**                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Shannon Hamilton files the instant action pursuant to the Federal Tort Claims Act (FTCA) against the United States of America and a *Bivens*[1] action against several officials and employees of the Federal Correctional Complex in Yazoo City, Mississippi.[2] Hamilton alleges that he was subjected to hazardous health conditions, including black mold, while housed in the Special Housing Unit (SHU) of FCC-Yazoo from August 1, 2018, through September 20, 2018. Now before the undersigned is the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the alternative, for Summary Judgment filed by the United States of America. [ECF No. 23]. The United States contends that Hamilton's FTCA claim should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because it fails to meet the

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This claim is addressed by a separate opinion.

[2] Although a plaintiff seeking relief under *Bivens* must file his claims against the individual officials alleged to have violated his constitutional rights, a plaintiff seeking relief under the FTCA files his claim directly against the United States. *Carlson v. Green*, 446 U.S. 14, 20 (1980).

physical injury requirement of 28 U.S.C. § 1346(b)(2). Alternatively, the government seeks summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the motion to dismiss be granted.

The question of the jurisdictional limitations under the FTCA may be resolved on a Fed. R. Civ. P. 12(b)(1) motion to dismiss which allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (internal citations omitted). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The burden of proof is on the party asserting jurisdiction. *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). Accordingly, Hamilton must prove that jurisdiction exists here. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Under the FTCA, the United States waives its sovereign immunity "for certain torts committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); 28 U.S.C. § 1346(b). The Act "permits civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable." *Sangernetta Mason, A1C v. United States*, 372 F. App'x 504, 505 (5th Cir. 2010) (citing *Quijano v. United States*, 325

F.3d 564, 567 (5th Cir. 2003)).  However, an inmate is prohibited from filing suit against the United States for an emotional injury absent a showing of physical injury.  The FTCA provides that "[n]o person convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody ***without a prior showing of physical injury***."  28 U.S.C. § 1346(b)(2) (emphasis added).  A physical injury need not be significant, but it must be more than *de minimis* in order to proceed under the FTCA.  *Herman v. Holiday*, 238 F.3d 660, 665–66 (5th Cir. 2001) (applying § 42 U.S.C. 1997e(e) to bar recovery of money damages for emotional or mental distress absent adequate showing of physical injury).  In the absence of any allegation of physical injury, an action should be dismised under § 1346(b)(2).  *Id. See, also Carter v. United States*, 694 F. App'x 918, 923 (4th Cir. 2017) (application of § 1346(b)(2)'s jurisdictional limit appropriate where no physical injury alleged).

  In the instant case, Plaintiff alleges that he is entitled to compensatory and punitive damages because of "medical complications that may arise in the future from or as a result from being housed in a housing unit that had been condemned for health hazardous conditions, namely 'black mold.'"[3]  Liberally construed, Hamilton seeks monetary damages for emotional distress over the possibility that he might become ill from the alleged black mold exposure in the future.  However, though he has filed several pleadings disputing Defendants' exhaustion arguments, Hamilton has not asserted, in

---

[3] ECF No. 1, p. 8.

either his Complaint or any of his submissions, the requisite predicate physical injury. Prisoner suits for purely emotional harm do not fall within the FTCA's limited waiver of sovereign immunity, and the Court lacks subject matter jurisdiction to entertain them. *Herman*, 238 F.3d at 665–66 (absent physical injury, plaintiff "not entitled to money damages for the mental and emotional stress, which knowledge of an increased risk of possible future asbestos-related illnesses may have caused.").[4] Hamilton is likewise not entitled to punitive damages as a matter of law as it prohibited under 28 U.S.C. § 2674.

For the foregoing reasons, it is respectfully recommended that the motion to dismiss for lack of jurisdiction be granted and Hamilton's FTCA claim be dismissed with prejudice. Because the undersigned so recommends, the alternative arguments raised by the United States need not be addressed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of

---

[4] *See generally Wooderts v. United States*, No. 4:10-CV-423-Y, 2011 WL 4448745, at *2 (N.D. Tex. Sept. 26, 2011) (FTCA prohibits inmates from filing suit for compensatory damages against the United States for emotional injury absent a showing of physical injury); *Banks v. Butler*, No. 5:08CV336-KS-MTP, 2010 WL 4537902, at *7 (S.D. Miss. Sept. 23, 2010), *report and recommendation adopted,* No. 5:08CV336-KS-MTP, 2010 WL 4537909 (S.D. Miss. Nov. 2, 2010) ("[T]o the extent that [federal inmate] Plaintiff asserts a cause of action under the FTCA for intentional infliction of emotional distress . . . such a claim is barred")(citing 28 U.S.C. § 1346(b)); *Michtavi v. United States*, 345 F. App'x 727, 728–29 (3d Cir. 2009) (Section 1346(b)(2) precluded prisoner's FTCA claim that prison officials caused him emotional distress).

the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on June 9, 2020.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE